IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN ASHLEY RODRIGUES                                                    PLAINTIFF

v.                                    Case No. 4:24-cv-4036

INVESTIGATOR TERRY DARDEN, Lewisville
Police Department; LAFEYETTE COUNTY; and
CITY OF LEWISVILLE                                                       DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable

Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 59.  Judge Comstock recommends that Separate Defendant Lafayette County, Arkansas's (the

"County") Motion for Summary Judgment (ECF No. 46) be granted in part and denied in part.

Specifically, Judge Comstock recommends that: 1) the County's request to dismiss Plaintiff's due

process claim related to his third[1] arrest be denied; 2) the County's request to dismiss all other

claims be granted; and 3) Plaintiff be barred from recovering mental or emotional damages for his

remaining claim but be permitted to recover nominal or punitive damages.

The County filed timely objections.  ECF No. 61.  The first objection is a bare assertion

that the record does not establish a constitutional violation for the due process claim.  However,

the County presents no further argument, elaboration, or citation to the record to support this terse

statement.  Therefore, the Court need only review Judge Comstock's recommendation regarding

the due process claim for clear error.  *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990)

(noting that an objection must be specific to trigger a de novo review of a portion of a magistrate

R&R).  Judge Comstock determines that the alleged ten-day detention between Plaintiff's arrest

---

[1] This claim stems from Plaintiff's arrest in Arkansas Case No. 37CR-22-70.

and first court appearance for his arrest was unreasonable under the Fourteenth Amendment. The Court finds no clear error on the face of the record and that Judge Comstock's reasoning is sound. The Court will adopt this aspect of the R&R and permit Plaintiff's due process claim for his third arrest to proceed.

The County's second objection regards Judge Comstock's determination that punitive damages and nominal are available for this claim even though mental or emotional damages are not available. ECF No. 59, p. 22 ("But nominal or punitive damages may still be available."). Judge Comstock concluded so because Plaintiff has not alleged any physical injury, which removes the potential for mental or emotional damages under 42 U.S.C. § 1997e(e). The County argues that it, as a municipal corporation, cannot be liable for punitive damages. Thus, the County contends that the Court should grant the aspect of its summary judgment motion requesting that only nominal damages be available. ECF No. 47, p. 16-17. The Court finds that the County is correct. "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (8th Cir. 1981). Thus, the Court will decline to fully adopt Judge Comstock's recommendation regarding which damages are limited for this claim.

For the reasons stated above, the Court hereby adopts Judge Comstock's R&R (ECF No. 59) in part. Accordingly, the County's Motion for Summary Judgment (ECF No. 59) is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's constitutional due process claim regarding his third arrest may proceed. Plaintiff's remaining claims are hereby **DISMISSED WITH PREJUDICE**. Further, Plaintiff may only recover nominal damages for his claim.

**IT IS SO ORDERED**, this 22nd day of August, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2