IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN ASHLEY RODRIGUES                                                                        PLAINTIFF

v.                                        Civil No. 4:24-CV-04036-SOH-CDC

INVESTIGATOR TERRY DARDEN, Lewisville Police Department;
LAFAYETTE COUNTY; and
CITY OF LEWISVILLE,                                                                          DEFENDANTS.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff John Ashley Rodrigues has initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). *See* (ECF No. 6). This matter is currently before the Court pursuant to 28 U.S.C. § 636(b)(1) and (3) and on the Court's efforts to serve Defendant Investigator Terry Darden in his personal capacity. Upon review of all records and proceedings herein and for the reasons described below, this Court recommends that the individual capacity claims against Defendant Darden be dismissed without prejudice and that he be terminated as a defendant to this action.

### BACKGROUND[1]

On May 8, 2024, Plaintiff initiated this lawsuit and requested to proceed IFP. (ECF Nos. 1 & 2). After noting that the IFP application did not include the required certificate of inmate accounts and assets form, *see* 28 U.S.C. § 1915(b), United States Magistrate Judge Barry Bryant ordered Plaintiff to either submit the required form or pay the statutory filing fee of $405 by May 29, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF

---

[1] This section does not endeavor to describe every docket entry, only those relevant to the Court's efforts to execute service of the Amended Complaint on Defendant Darden.

1

No. 3). In response, Plaintiff submitted a complete IFP application, and this Court subsequently granted his request to proceed IFP. (ECF No. 6). Because Plaintiff is a prisoner, his claims are subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court noted potential legal and factual deficiencies with his claims and ordered him to submit an amended complaint addressing those deficiencies, failing which this matter would be subject to dismissal. (ECF No. 8). Plaintiff then submitted an Amended Complaint, identifying claims against Defendants Terry Darden and Lafayette County in their individual and official capacities. Amend. Comp. at 5 (ECF No. 9). Upon preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered service of the Amended Complaint on the Defendants. (ECF No. 10). Relevant here, Defendant Darden was ordered to be served at 330 W. 1st St., Lewisville, Arkansas 71845, the address for the City of Lewisville. (ECF No. 10).

On August 19, 2024, this Court received information from the U.S. Marshal's Service ("USMS") indicating that service on both Defendants had been executed on July 26, 2024, meaning that their Answer was due by August 16, 2024. *See* (ECF No. 12). Because neither Defendant had entered their appearance, filed their Answer, or otherwise defended the lawsuit, this Court ordered each Defendant to show cause why they should not be found in default pursuant to Fed. R. Civ. P. 55(a). (ECF No. 13). The Court scheduled a default hearing for September 4, 2024, at 2:00 pm and mailed copies of the show cause order, certified mail, return receipt requested to the addresses where service had been executed. *See id.*

Sheriff Black, on behalf of Lafayette County, appeared with counsel at the show cause hearing. (ECF No. 20). No one appeared on behalf of Defendant Darden in his individual or official capacity as an agent of the City of Lewisville. *Id.* At the hearing, Sheriff Black, through

2

counsel, advised that the individual who signed for the certified mail on behalf of Lafayette County, "D. Miner," did not have the authority to do so, and, by information and belief, Defendant Darden was incapacitated and residing at a nursing home following a stroke. *Id.* At that time, this Court found good cause why the Defendants should not be found in default and ordered Defendant Lafayette County to Answer or otherwise defend the lawsuit by September 26, 2024, and ordered Plaintiff to provide additional service information for Defendant Darden by that same date. *Id.* That order also cautioned Plaintiff that failure to effect service on Defendant Darden within 90 days of the complaint being filed would result in the claims against Defendant Darden being dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). *Id.*

Defendant Lafayette County filed an Answer on September 23, 2024. (ECF No. 21). That same day, this Court ordered Defendant Lafayette County to either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies prior to initiating this action by November 22, 2024, or promptly file a notice saying Lafayette County did not intend to pursue that defense at trial. (ECF No. 22). On September 26, 2024, this Court granted Plaintiff's request, (ECF No. 23), for an extension of time to provide potential service information for Defendant Darden, (ECF No. 24). After Lafayette County filed notice saying that it did not intend to pursue failure to exhaust as an affirmative defense at trial, (ECF No. 25), this Court entered an initial scheduling order directing that Lafayette County's motion for summary judgment on the merits be filed by no later than March 21, 2025. (ECF No. 26).

Plaintiff submitted potential service information for Defendant Darden at a rehabilitation facility after requesting (and receiving) additional time to respond. (ECF Nos. 27-31). This Court ordered that the Amended Complaint be served on Defendant Darden at the address provided by

3

Plaintiff (a rehabilitation facility), which was placed under seal. (ECF Nos. 31-32). On January 3, 2025, this Court received information from the USMS indicating that service on Defendant Darden at the address provided by Plaintiff was executed on December 27, 2024, meaning that Defendant Darden's Answer was due by January 17, 2025. (ECF No. 35).

Defendant Darden did not Answer or otherwise respond to the lawsuit by January 17, 2025, as ordered. Since Plaintiff asserted claims against Defendant Darden in his individual and official capacity as an agent of the City of Lewisville, this Court then ordered that the Amended Complaint be served on Lewisville Polcie Chief Victor Rose at the address for the City of Lewisville, 330 W. First St., Lewisville, Arkansas 71845. (ECF No. 36). On February 12, 205, this Court received information from the USMS that service of the Amended Complaint on Chief Rose had been executed on February 7, 2025, and his response was thus due by February 28, 2025. (ECF No. 39). On February 25, 2025, Defendant Lafayette County filed a motion requesting a new scheduling order on the grounds that service on Defendant Darden remained outstanding. (ECF No. 40).

On February 28, 2025, Chief Rose filed an Answer, through counsel, providing three new potential service addresses for Defendant Darden, including the address for a second rehabilitation facility. (ECF No. 41). But that Answer did not identify whether it had been filed on behalf of Chief Rose personally or on behalf of the City of Lewisville. *Id.* On March 7, 2025, this Court ordered service of the Amended Complaint at the addresses provided by Chief Rose, denied the request for a new scheduling order, and ordered Chief Rose to clarify the capacity in which he filed his Answer within fourteen days of the date of the Order. (ECF Nos. 42-43).

When Chief Rose did not identify the capacity in which he filed his Answer within the timeframe provided, this Court ordered Chief Rose to show cause why he should not be found in contempt for failing to comply with a court order. (ECF No. 50). The show cause response was due by April 21, 2025. *Id.* On April 21, 2025, Chief Rose filed an Amended Answer, advising that he had filed his Answer on behalf of himself personally and not on behalf of the City of Lewisville. (ECF No. 53). On April 25, 2025, this Court received additional information from the USMS on its efforts to serve the Amended Complaint on Defendant Darden at the addresses provided by Chief Rose. (ECF No. 54). According to that information, of the three additional service addresses provided by Chief Rose, service was returned unexecuted at two of them, and service remained outstanding at the third (the rehabilitation facility). *Id.*

On June 17, 2025, this Court entered an order for personal service of the Amended Complaint on Defendant Darden at the address that had been placed under seal pursuant to ECF No. 31—records show that service had been executed at this address but Defendant Darden failed to Answer or otherwise defend the lawsuit within the timeframe provided—and the rehabilitation facility on which service remained outstanding, *see* (ECF No. 54). *See* (ECF No. 55). Notably, both addresses, *see* (ECF No. 31 and 54), were to different rehabilitation facilities. Also, this Court directed the Clerk to enter default against the City of Lewisville, noting that Plaintiff's claims against Defendant Darden in his official capacity are the functional equivalent of claims against the City of Lewisville and that service of the Amended Complaint on the City of Lewisville has been executed twice, but the City of Lewisville failed to enter an appearance or otherwise defend

5

this lawsuit. *Id.* (citing (ECF Nos. 12 & 39). Pursuant to this Order, the Clerk entered default against the City of Lewisville.[2] (ECF No. 58).

On August 14, 2025, this Court received information from the USMS that Defendant Darden was not a patient or employee at the rehabilitation facility identified as a potential service address by Chief Rose. (ECF No. 62). On September 2, 2025, this Court received information from the USMS that personal service on Defendant Darden at the rehabilitation facility identified as a potential service address by Plaintiff had been unsuccessful and that Defendant Darden was not (and had not been) a patient or employee of that facility, either. *See* (ECF No. 62 & 65).

## DISCUSSION

Where, as here, the Court authorizes a plaintiff to proceed IFP pursuant to 28 U.S.C. § 1915, Rule 4 of the Federal Rules of Civil Procedure requires the Court to order service on the defendants by the USMS. *See* Fed. R. Civ. P. 4(c)(3). Pursuant to Rule 4(m), however, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time . . . ." Fed. R. Civ. P. 4(m). The Court must extend the period for service, moreover, "if the plaintiff shows good cause for the failure" to serve. *Id.*

While the Rule 4 requires the Court to order the USMS to effect service on the defendants when a plaintiff is proceeding IFP, the plaintiff is ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing

---

[2] Plaintiff has since filed a Motion for Default Judgment. (ECF No. 64). A copy of this Motion has been mailed, certified mail, return receipt requested, to both Chief Rose and the Mayor of Lewisville. (ECF No. 66). This Motion will be addressed separately.

6

*Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n.3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

In this case, Plaintiff's Amended Complaint identifies claims against Defendant Darden in his official and personal capacities. This Court has attempted service on Defendant Darden in his individual capacity at the City of Lewisville, his purported employer, *see* (ECF No. 10), the address to the rehabilitation facility provided by Plaintiff, *see* (ECF No. 32 & 55), and the three addresses provided by Chief Rose, *see* (ECF No. 43). Although this Court initially received information from the U.S. Marshal's Office that service of Defendant Darden had been executed at the City of Lewisville, at the show cause hearing, it was reported that Defendant Darden had suffered a stroke and was residing at a nursing home. *See* (ECF No. 20). Further, while service was initially executed at the address for the rehabilitation facility provided by Plaintiff, (ECF No. 35), when this Court ordered personal service on Defendant Darden at this address, (ECF No. 55), the Court learned that he was not (and had never been) a patient or employee at that facility, (ECF No. 65). Similarly, when this Court ordered personal service of the Amended Complaint on Defendant Darden at the address for the rehabilitation facility provided by Chief Rose, (ECF No. 55), this Court learned that he was not a patient or employee of this facility, either, (ECF No. 62).

More than 90 days have elapsed since the Amended Complaint was filed and Defendant Darden has not yet been served in his individual capacity. Indeed, this Court has attempted to execute service on Defendant Darden in his individual capacity at five addresses, including his employer's address, his last known residence, and two rehabilitation facilities (the address for one of which was provided by Plaintiff). Although these efforts started on July 2, 2024, over a year ago, (ECF No. 10), service on Defendant Darden in his individual capacity has not been properly

executed.  This Court, moreover, previously cautioned Plaintiff that failure to serve Defendant Darden within 90 days of the filing of the complaint would result in the claims against Defendant Darden being dismissed without prejudice.  (ECF No. 20).

## CONCLUSION

Accordingly, since more than 90 days have passed since the Amended Complaint was filed and service remains unexecuted on Defendant Darden in his individual capacity, this Court recommends, consistent with Fed. R. Civ. P. 4(m) and its previous warning to Plaintiff, that the **individual capacity claims** against Defendant Darden be **DISMISSED WITHOUT PREJUDICE** and that Defendant Darden be **TERMINATED** from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral: No longer referred.**

**RECOMMENDED this 10th day of September 2025**.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE